UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CHRISTOPHER OLIVA,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER DANA
NUNEZ, Shield #21698, Individually and in her Official
Capacity, LIEUTENANT MICHAEL BROWN, Individually
and in his Official Capacity and NEW YORK CITY POLICE
DEPARTMENT OFFICERS "JOHN DOE", Individually and
in their Official Capacities, fictitious name used to designate
unknown police officers herein,

                                        Defendants.
-----------------------------------------------------------------------X

**VERIFIED COMPLAINT**

CV 12 - 6290

BLOCK, J.

GO, M.J.

        Plaintiff, **CHRISTOPHER OLIVA**, by his attorneys, LEVIN & CHETKOF, LLP,

complaining of the defendants hereinafter, states and alleges as follows upon information and belief:

## PRELIMINARY STATEMENT

        1.      Plaintiff commenced this action seeking compensatory damages, punitive damages

and attorney's fees for violations of his civil rights by the defendants, their agents, servants and/or

employees, while acting under color of law, as said rights are secured by the statutes and

Constitutions of the United States of America and the State of New York, the New York State

Human Rights Law, the New York Civil Rights Law, and the Charter, rules, regulations and

ordinances of the City of New York. Plaintiff also asserts supplemental state law tort claims.

        2.      This case arises from a pattern and practice of police harassment, police brutality,

excessive force, racial profiling, intimidation, and unlawful stops and searches, committed against

the plaintiff by New York City Police Department police officers[1] of the 122nd Precinct, without legal cause or justification, and while acting under the color of law, beginning on or about December 27, 2011 and continuing unabated to present day, most recently on or about April 14, 2012, causing the plaintiff to suffer physical, psychological and emotional injuries, pecuniary loss, and loss of liberty.

3.    Furthermore, the defendant police officers, individually and in concert and conspiracy with one another, drafted, executed and filed knowingly false records, criminal complaints and arrest reports regarding Plaintiff, wherein the defendant police officers dishonestly stated that Plaintiff was involved in criminal activity at the time of the police stop, search and/or arrest.

## JURISDICTION AND VENUE

4.    This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, the Constitution of the State of New York, the New York State Human Rights Law, the New York Civil Rights Law, the New York City Charter, and the rules, regulations and ordinances of the City of New York. Plaintiff also invokes this Court's supplemental jurisdiction to assert State law claims of assault and battery.

5.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforesaid statutory and constitutional provisions, since this claim arises under the Constitution and laws of the United State and since defendants acted under color of State law.

6.    Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over claims which arise under the relevant provisions of New York state law.

---

[1] As used herein, the term "police officer" is intended to refer to New York City Police Department officers in the general and not to any specific rank, title, or position.

7.      Plaintiffs' claim for attorneys' fees and costs is predicated upon 42 U.S.C. §1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## PARTIES

9.      At all times mentioned herein, Plaintiff was and remains a resident of the City and State of New York, County of Richmond.

10.      Upon information and belief, and at all times mentioned herein, the defendant, THE CITY OF NEW YORK (hereinafter referred to as "CITY"), was and still is a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the City and State of New York.

11.      Upon information and belief, and at all times mentioned herein, the CITY maintains the New York City Police Department (hereinafter referred to as "NYPD"), pursuant to law.

12.      Upon information and belief, and at all times mentioned herein, the NYPD is and remains under the supervision, direction, control and/or employ of the CITY.

13.      Upon information and belief, and at all times mentioned herein, the NYPD is and remains a department, division or agency of the CITY.

14.      Upon information and belief, and at all times mentioned herein, the defendant, POLICE OFFICER DANA NUNEZ, (hereinafter referred to as "P.O. NUNEZ"), is a resident of the State of New York.

15.      At all times mentioned herein, P.O. NUNEZ was and still is a police officer employed by the CITY and NYPD and was acting under the color of State law. As used herein, the term

"police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title or position.

16.     Upon information and belief, P.O. NUNEZ was assigned to and/or stationed at the NYPD's 122nd Precinct.

17.     Upon information and belief, P.O. NUNEZ was issued Shield #21698 by the NYPD.

18.     Upon information and belief, and at all times mentioned herein, the defendant, LIEUTENANT MICHAEL BROWN (hereinafter referred to as "LT. BROWN"), is a resident of the State of New York.

19.     At all times mentioned herein, LT. BROWN was and still is a police officer employed by the CITY and NYPD and was acting under the color of State law.  As used herein, the term "police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title or position.

20.     Upon information and belief, LT. BROWN was assigned to and/or stationed at the NYPD's 122nd Precinct.

21.     Upon information and belief, and at all times mentioned herein, the City was and remains the public employer of Defendants, NEW YORK CITY POLICE DEPARTMENT OFFICERS "JOHN DOE" (hereinafter referred to as the "P.O. JOHN DOES").  As used herein, the term "police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title or position.

22.     Upon information and belief, P.O. JOHN DOES were assigned to and/or stationed at the NYPD's 1222nd Precinct.

23.     The NYPD was and remains the public employer of P.O. NUNEZ, LT. BROWN, and P.O. JOHN DOES, (hereinafter collectively referred to as "THE DEFENDNAT POLICE

OFFICERS").

24.    At all times mentioned herein, THE DEFENDANT POLICE OFFICERS were acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and State of New York and/or NYPD.

25.    That upon information and belief, and at all times mentioned herein, the CITY, its departments, agents, servants and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled the police precincts and divisions of the CITY, including but not limited to the 122nd Precinct, and the police officers assigned and/or stationed thereto.

26    At all times mentioned herein, the CITY, its departments, agents, servants and/or employees, was charged with hiring, training, retaining, directing, supervising, disciplining, overseeing, appointing and promoting police officers, supervisors and staff in their employ, including but not limited to the defendant police officers.

27.    That upon information and belief, and at all times mentioned herein, THE DEFENDANT POLICE OFFICERS were acting under the direction, supervision, authority and/or control of the CITY and/or NYPD, their agents, servants and/or employees.

## STATEMENT OF FACTS

28.    Beginning on or about December 27, 2011 and continuing unabated to present day, most recently on or about April 14, 2012 THE DEFENDANT POLICE OFFICERS have harassed, threatened, intimidated, attacked, punched, kicked, and/or threw to the ground, the plaintiff on over seven (7) occasions.

**December 27, 2011 Arrest**

29.    On or about December 27, 2011, while plaintiff was at his home, located at 2728 Victory Boulevard - Apt. 2A, Staten Island, New York 11214, the NYPD and/or THE

DEFENDANT POLICE OFFICERS responded to a 911 call made by plaintiff's girlfriend/common law wife Amanda Perugini.

30.     During the aforementioned 911 call, Amanda Perugini advised the 911 operator that her and the plaintiff were arguing and she was going to kill him.

31.     Upon arrival to the aforementioned home, THE DEFENDANT POLICE OFFICERS, banged on the front door, advised that they were police officers and thereafter the plaintiff opened the door. At the time the plaintiff opened the front door to his home, he was holding his five month old infant. Upon the door being opened, THE DEFENDANT POLICE OFFICERS ordered the plaintiff to hand the baby over to his girlfriend/common law wife, Amanda Perugini. The plaintiff complied with THE DEFENDANT POLICE OFFICERS orders and handed his baby over to Amanda Perugini.

32.     Immediately upon handing his baby over to Amanda Perugini, THE DEFENDANT POLICE OFFICERS forced themselves through the doorway and began to assault, beat, batter, punch, kick and strike the plaintiff with their batons, about his body and head, without legal cause or justification.

33.     Following said beating of the Plaintiff, he was handcuffed, placed in a body bag, arrested and transported, in police custody, to St. Vincent's Hospital where he received emergency medical treatment, including but not limited to approximately forty two (42) staples in his head.

34.     Subsequent to receiving emergency medical treatment at St. Vincent's Hospital, Plaintiff was thereafter transported, in police custody and unbeknownst to the plaintiff, to Bayley Seton Hospital for a psychological evaluation. While at Bayley Seton Hospital, plaintiff had said psychological evaluation and was medically cleared/released. Thereafter the plaintiff was taken to the 120th precinct.

35.    At the 120th Precinct, Plaintiff was fingerprinted, photographed, the arrest processed.

36.    Plaintiff was charged with Criminal Contempt 2nd degree.

37.    The next day, plaintiff was transported from the 120th Precinct to the Court located at, 67 Targee Street, Staten Island, New York, where all charges were dismissed.

38.    All charges incident to the plaintiff's arrest on December 27, 2011 were dismissed.

**Police Harassment Not Resulting in Arrest**

39.    In addition to the foregoing arrest, Plaintiff has been targeted, stopped, searched, harassed, threatened, intimidated, cursed at and slandered by the defendant(s) and the defendant police officers on approximately seven (7) other occasions.

40.    By way of example, and in no way meant to be a complete account of all such incidents, On or about March 11, 2012, at approximately 4:30pm while the plaintiff was lawfully waiting for the Staten Island ferry, on the Manhattan side, one of the defendant police officers requested to inspect plaintiff's bags. In the course of doing so said defendant police offer took plaintiff's belongings, tossed them on the ground and told plaintiff to pick them up. Said defendnat police officer also stated to plaintiff that he was a "trouble maker" and he knew the plaintiff from when "we beat you up". This occurred in front of other individuals and the general public. The defendant police officers' foregoing conduct was without legal cause or justification.

41.    On another occasion, a few days later, on or about March 14, 2012, at approximately 1:00pm, the defendant police officers, without legal cause or justification, came to plaintiff's home located at 265 Mill Road - Apt2C, Staten Island, New York 10314. On said occasion the defendant police officers alleged that they received an anonymous call stating that plaintiff was beating up a girl. On said date the officers spoke to an individual known as Carolyn Cruz, a friend of the plaintiff, and, without legal cause or justification, told Ms. Cruz that the plaintiff put four (4) police officers

in the hospital, that plaintiff is a bad guy and that the plaintiff beat up a girl named "Amanda". This occurred in front of other individuals and the general public. The defendant police officers' foregoing conduct was without legal cause or justification.

42.    On another occasion, on or about March 15, 2012, at approximately 12:30pm, the defendant police officers, without legal cause or justification, came to plaintiff's house, located at 265 Mill Road - Apt2C, Staten Island, New York 10314. On said occasion the defendant police officers came to plaintiff's home alleging that they received another anonymous call stating that plaintiff was beating up a girl. Plaintiff let the defendant officers in and said officers found no one other than the plaintiff in th premises. On said date, the defendant officers placed the plaintiff in handcuffs. This occurred in front of other individuals and the general public The defendant police officers' foregoing conduct was without legal cause or justification.

43.    On another occasion, on or about March 29, 2012, at approximately 2:00pm, the defendant police officers, without legal cause or justification, came to plaintiff's house, located at 265 Mill Road - Apt2C, Staten Island, New York 10314. On said occasion the defendant police officers came to plaintiff's home alleging that they received an anonymous call stating that plaintiff was playing loud music. On said date, plaintiff was secured at his kitchen table while the defendant police officers illegally searched plaintiff's home, going through cabinets, draws etc.. The defendant police officers' foregoing conduct was without legal cause or justification.

44.    On another occasion, on or about April 5, 2012, at approximately 4:00pm, when plaintiff lawfully exited a NYCTA bus, at the bus stop located at Tysons' Park Apartment Complex, immediately across the street from plaintiff's home, he was approached by the defendant police officers. The defendant police officers, without legal cause or justification, ordered plaintiff to stand next to their car and empty his pockets advising plaintiff that this was a "random search". This

occurred in front of other individuals and the general public. The defendant police officers' foregoing conduct was without legal cause or justification.

45.    On another occasion, on or about April 14, 2012, at approximately 11:30am, while plaintiff was lawfully in front of his apartment complex, the defendant police officers, without legal cause or justification, forced plaintiff over to their vehicle, placed him in handcuffs, frisked and searched him. The defendant police officers stated to the plaintiff that "you are the guy that beats up cops and puts them in the hospital". This occurred in front of other individuals and the general public. The defendant police officers' foregoing conduct was without legal cause or justification.

46.    As a result of the defendants' aforesaid and unlawful conduct, Plaintiff was caused to suffer the civil rights violations set forth below, as well as severe physical, psychological and emotional injuries and loss of liberty.

## CONDITIONS PRECEDENT

47.    That on or about March 15, 2012 and May 4, 2012, Plaintiff caused Notice of Claims to be duly served and filed with the defendant, CITY and the NYPD, setting forth the time, place, substance of claim, and description of injuries sustained by the plaintiff.

48.    That more than thirty (30) days have elapsed since said dates and the defendant, CITY, has neglected and refused to make an adjustment thereof.

49.    That the defendant, CITY, has conducted two (2) hearings of the plaintiff pursuant to Section 50-h of the General Municipal Law.

50.    This action is commenced, within the applicable statute(s) of limitations.

51.    This action falls within one or more of the exceptions set forth in CPLR §1602.

## FIRST CLAIM FOR RELIEF:
## 42 U.S.C. §1983 CLAIMS AGAINST THE DEFENDANTS

52.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1"

through ""51", inclusive, of this Complaint, as if same were fully set forth herein at length.

53.     As set forth above, Defendant, CITY and/or NYPD, its agents, servants and/or

employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein,

did assault, batter and use excessive force upon Plaintiff without legal cause or justification.

54.     As set forth above, Defendant, CITY and/or NYPD, its agents, servants and/or

employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein,

did target, stalk, harass, threaten and slander the plaintiff without legal cause or justification.

55.     As set forth above, Defendant, CITY and/or NYPD, its agents, servants and/or

employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein,

did stop, frisk and search the plaintiff and his possessions without legal cause or justification.

56.     As set forth above, Defendant, CITY and/or NYPD, its agents, servants and/or

employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein,

were within the vicinity of the plaintiff at the time of the foregoing incidents and failed to take any

action to intercede, mitigate and/or halt said incidents.

57.     Said defendants knew, or with reasonable diligence should have known, of the

unlawful conduct and action taken against Plaintiff.

58.     Said defendants failed to protect the plaintiff.

59.     As set forth above, none of the said defendants reported the aforesaid incidents to

their supervisors, nor did they notify City or federal authorities as to what they had seen and/or

heard.

60.     As set forth above, the CITY, NYPD and/or their supervisory personnel failed to take

appropriate action to investigate and report the aforesaid incidents.

61.     As set forth above, the CITY, NYPD and/or their agents, servants and/or employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein, implicitly acquiesced in the aforesaid incidents and unlawful conduct by their fellow police officers by failing to intercede or intervene on behalf of the plaintiff.

62.     The defendants acted with deliberate indifference to the plaintiff's constitutional and statutory rights, safety, security and health.

63.     As a direct and proximate result of said defendants' deliberate indifference, the plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, and loss of liberty.

64.     As set forth above, said defendants made no effort to stop the aforesaid incidents, and have made every effort to conceal the truth about what actually occurred.

65.     The actions of said defendants were performed under the color of law and within the scope of their employment and authority with the CITY and NYPD.

66.     The acts and omissions of the CITY and NYPD, their agents, servants and/or employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein, violated the plaintiff's clearly established rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the physical, psychological, emotional injuries, and loss of liberty suffered by Plaintiff.

67.     The actions of the defendant police officers named herein were malicious and in bad faith.

68.     The CITY and NYPD have had, and continue to have, a custom and practice of deliberate delay and avoidance in investigating allegations of police abuse, brutality, harassment and

other misconduct against the public in general and the plaintiff in particular, to the detriment of the plaintiff.

69.    The CITY and NYPD, their agents, servants and/or employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein, by reasonable diligence, could have prevented the aforesaid wrongful acts from being committed.

70.    The CITY and NYPD, their agents, servants and/or employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein, violated Plaintiff's constitutional rights by: (a) unlawfully targeting, intimidating and harassing the plaintiff; (b) unlawfully profiling the plaintiff based upon his race; (c) stopping, restraining, searching and strip searching the plaintiff without legal cause or justification; (d) using excessive force in effecting arrests and/or detaining the plaintiff; (e) using excessive force against Plaintiff at times when he was carrying out a routine activity and either had not committed any crime or infraction or had committed a minor infraction; (f) causing and/or allowing the assault and battery on the plaintiff; (g) causing plaintiff to be subjected to psychological testing without cause or justification; (h) falsely detaining the plaintiff because he was believed to have behaved and/or spoken in a manner that is perceived by the defendant(s) to be disrespectful but which does not constitute criminal behavior; (i) depriving the plaintiff access to and redress from the courts; (j) denying the plaintiff the equal protection of the laws; (k) engaging in a cover-up in order to conceal the wrongful and unlawful conduct taken against the plaintiff; (l) by falsifying official reports; (m) by conducting searches and seizures without lawful authority and/or in an improper manner; (n) by subjecting Plaintiff to cruel and unusual punishment, all in violation of Federal, State and local law; and (o) failing to intercede on behalf of the plaintiff to prevent the aforesaid constitutional violations, despite having an opportunity to do so, but due to their intentional conduct, negligent conduct and/or deliberate

indifference declined or refused to do so.

71.    That as a result of the foregoing, Plaintiff was caused to be subjected to the deprivations of rights, privileges and/or immunities secured by the Constitution and laws of the United States of America, and has been damaged thereby, all in violation of 42 U.S.C. §1983.

72.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert fees, and disbursements pursuant to 42 U.S.C. §1988.

### SECOND CLAIM FOR RELIEF:
### 42 U.S.C. §§1985 AND 1986 CLAIMS

73.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "72", inclusive, of this Complaint, as if same were fully set forth herein at length.

74.    THE DEFENDANT POLICE OFFICERS named herein, as well as other agents, servants and/or employees of the CITY and NYPD, under the color of law, willfully conspired with one another to deprive the plaintiff of his constitutional rights, including but not limited to his right: (a) to be free from cruel and unusual punishment; (b) to be free from excessive uses of force; (c) to be free from discrimination due to his race; (d) to be free from conduct intended to intimidate and harass the plaintiff; (e) to equal protection of the law; (f) to equal privileges and immunities under the law; (g) to associate and speak freely; and (h) to have access to and seek redress in the courts.

75.    It was part of said conspiracy that said defendants did cause and/or permit Plaintiff to be assaulted, battered, harassed, threatened, intimidated, racially profiled, stopped, searched and detained.

76.    It was part of said conspiracy that said defendants did fail to protect the plaintiff while he was in their custody and/or control.

77.    In furtherance of the conspiracy and in order to cover up their unlawful conduct, said defendants: (a) contrived, drafted, executed and filed knowingly false official records and reports, including but not limited to criminal complaints, affidavits, and sworn statements regarding Plaintiff; (b) failed to report the unlawful conduct set forth herein although they were aware of same and were required to report it, thereby deliberately suppressing the truth; and (c) Giving official statements and/or testimony that was deliberately misleading, inaccurate and/or incomplete, for their own benefit.

78.    The conspiracy to cover up said defendants' conduct spread amongst THE DEFENDANT POLICE OFFICERS named herein, as well as to other NYPD officers and supervisors.

79.    Under the oath of office and the written rules, regulations and procedures promulgated by the CITY and NYPD, police officers and command personnel have an affirmative duty to intercede and prevent crimes and other misconduct committed by police officers and to report such conduct whenever they become aware of it.

80.    As a result of said conspiracy and/or said defendants' furtherance of the conspiracy, Plaintiff has been injured and deprived of the rights, privileges and immunities afforded by the Constitution and statutes of the United States of America.

81.    Said defendants had knowledge that a 42 U.S.C. §1985(3) conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing, and neglected or refused to do so.

82.    With due diligence, said defendants could have promptly reported the aforesaid abuses to superiors and to duly authorized investigators. Their failure to do so contributed to the plaintiff suffering gratuitously, thereby exacerbating his pain and suffering and loss of liberty.

83.     Had said defendants complied with the law and furnished truthful information to authorities investigating the aforesaid abuses and officers' conduct, the §1985(3) conspiracy would not have succeeded to the extent that it did.

84.     As a proximate and direct cause of said defendants' conduct, the plaintiff suffered physical, psychological and emotional injuries, pecuniary loss, and loss of liberty.

### THIRD CLAIM FOR RELIEF:
### FIRST, FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENT CLAIMS

85.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "84 ", inclusive, of this Complaint, as if same were fully set forth herein at length.

86.     As set forth above, the defendants were aware of and/or personally participated in the deprivation of Plaintiff's rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and, with deliberate indifference to said rights, failed to take action to prevent further misconduct.

87.     The aforesaid acts of the CITY and NYPD, their agents, servants and/or employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein, were sufficiently serious to constitute violations of Plaintiff's First, Fourth, Fifth, Eighth and Fourteenth Amendment rights and directly and proximately damaged the plaintiff.

88.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

### FOURTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

89.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1"

through "88", inclusive, of this Complaint, as if same were fully set forth herein at length.

90.     THE DEFENDANT POLICE OFFICERS collectively and individually, while acting under color of state and local law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the CITY and/or NYPD, which is forbidden by the Constitution of the United States.

91.     That prior to December 27, 2011, the CITY and NYPD developed and maintained customs, policies, usages, practices, procedures and rules exhibiting deliberate indifference to the constitutional rights of the public, which caused the violations of the plaintiff's rights.

92.     The CITY has tolerated the misconduct of the NYPD, its agents, servants and employees, including but not limited to THE DEFENDANT POLICE OFFICERS named herein, through its acts or omissions. These acts or omissions include, but are not limited to: (a) failing to develop and/or implement a policy on use of force that appropriately guides the actions of individual officers; (b) failing to train NYPD officers adequately to prevent the occurrence of misconduct; (c) failing to supervise NYPD officers adequately to prevent the occurrence of misconduct; (d) failing to monitor NYPD officers adequately who engage in or who may be likely to engage in misconduct; (e) failing to establish and/or implement a procedure whereby citizen complaints are adequately investigated; (f) failing to adequately investigate incidents in which a police officer uses excessive, lethal and/or non-lethal force; (g) failing to fairly and adequately adjudicate or review citizen complaints, and incidents in which a police officer uses excessive, lethal and/or non-lethal force; (h) failing to adequately discipline NYPD officers who engage in misconduct; (i) failing to adequately instruct and supervise NYPD officers in the proper and appropriate care and treatment of the public, including but not limited to the use of force; (j) failing to adequately investigate grievances and complaints of police harassment, brutality, racial profiling, misconduct, and use of

force by NYPD officers, and inadequately punishing the subjects of those complaints which were substantiated; (k) tolerating acts of brutality by NYPD officers; (l) the Internal Affairs Bureau and other supervisory and/or investigatory departments having substantially failed in their responsibilities to investigate NYPD officer misconduct and discipline offenders; (m) having polices that operate to insulate NYPD officers who engage in criminal or other serious official misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference; and (n) allowing NYPD officers and supervisors to engage in a pattern and practice of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence", which has become so ingrained in the defendants so as to constitute a policy of the CITY and NYPD.

93.     The CITY's long-standing failure or refusal to supervise NYPD officers, including supervisory staff and the defendant police officers named herein, is now so institutionalized as to constitute a policy or custom of tolerating and authorizing the type of abuses alleged herein. It is this policy or custom of abuse and cover-up that has caused the deprivation of the plaintiff's rights.

94.     The CITY's policy or custom of tolerating and authorizing this type of abuse is further evidenced by frequent and significant findings of NYPD officer misconduct over a period of years by supervisors and the NYPD officers they supervise.

95.     The CITY's failures and refusals to hold these supervisors and NYPD officers accountable is a proximate cause of the injuries sustained by the plaintiff, and undoubtedly hundreds of other persons in NYPD custody.

96.     Through promotions and other financial and status incentives the CITY and NYPD have the power to reward supervisors and NYPD officers who perform their jobs adequately and to punish – or at the very least fail to reward – those who do not. The CITY and NYPD's actions and

omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of NYPD officer brutality or other misconduct, and fails to investigate incidents in which persons are injured by NYPD officers, will suffer no damage to his or her career or financial penalty.

97.     The pattern of unchecked abuse by NYPD officers and supervisory staff, the extent to which these unlawful practices have been adopted by significant numbers of the staff, and the persistent failure or refusal of the CITY and NYPD to supervise these persons properly and to take action to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorizes the claimed misconduct against the public in general and the plaintiff in particular.

98.     The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

99.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY and NYPD were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

100.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY and NYPD were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

101.     The aforesaid defendants, collectively and individually, while acting under the color of state and local law, were directly and actively involved in violating the plaintiff's constitutional rights.

102.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, together with attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## FIFTH CLAIM FOR RELIEF:
## FAILURE TO PROTECT CLAIM

103.  Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1"
through "102" inclusive, of this Complaint, as if same were fully set forth herein at length.

104.  The CITY and NYPD, their agents, servants and/or employees, including but not
limited to THE DEFENDANT POLICE OFFICERS named herein, owed a duty of care to protect
Plaintiff while he was in their custody and control.

105.  As set forth above, the CITY and NYPD, their agents, servants and/or employees,
failed to intervene, mitigate and/or stop the incidents set forth herein at any time during the
happening of said incident or thereafter.

106.  As set forth above, the CITY and NYPD, their agents, servants and/or employees,
including but not limited to THE DEFENDANT POLICE OFFIERS named herein, knew of and
consciously disregarded an excessive risk to Plaintiff's health and safety.

107.  As set forth above, the CITY and NYPD, their agents, servants and/or employees,
failed to intervene and protect the plaintiff at any time during the events leading up to, during, or
after the defendants' unlawful conduct.

108.  The CITY and NYPD, their agents, servants and/or employees, failed to report the
abusive conduct of THE DEFENDANT POLICE OFFICERS to supervisors.

109.  The CITY and NYPD, their agents, servants and employees, failed to investigate,
sanction and/or discipline any of THE DEFENDANT POLICE OFFICERS for their aforesaid
unlawful conduct.

110.  That due to the defendants' failures to protect the plaintiff, he suffered severe and
serious physical, psychological and emotional injuries, pecuniary loss, and loss of liability.

111.  As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive

damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## PENDANT STATE CLAIMS

### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### ASSAULT, BATTERY AND CONSPIRACY

112.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "111" inclusive, of this Complaint, as if same were fully set forth herein at length.

113.    As set forth above, Plaintiff was assaulted and battered by THE DEFENDNAT POLICE OFFICERS.

114.    As set forth above, THE DEFENDANT POLICE OFFICERS used excessive force against Plaintiff without legal cause or justification.

115.    As set forth above, THE DEFENDANT POLICE OFFICERS conspired with one another to assault and batter the plaintiff.

116.    As set forth above, THE DEFENDANT POLICE OFFICERS conspired with one another to cover up their assault and battery of the plaintiff.

117.    This use of physical force was excessive, unnecessary, unprovoked and in violation of the Constitution and statutes of the State of New York, the New York State Human Rights Law, the New York Civil Rights Law, the New York City Charter, and the rules and regulations of the City of New York.

118.    As a result of the foregoing, Plaintiff suffered a violation of his civil and due process rights.

119.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries, pecuniary loss, and loss of liberty.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

120.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "119", inclusive, of this Complaint, as if same were fully set forth herein at length.

121.    The CITY and NYPD were negligent, careless and/or reckless in the hiring, training, retention, supervision, direction, control, appointment and/or promotion of the their agents, servants and employees, including but not limited to THE DEFENDANT POLICE OFFICERS, in that said persons lacked the experience and ability to be employed by the CITY and NYPD; in failing to exercise due care and caution in their hiring, appointment and promotion practices, and in particular, hiring THE DEFENDANT POLICE OFFICERS who lacked the mental capacity and ability to function as employees of the CITY and NYPD; in that THE DEFENDANT POLICE OFFICERS lacked the maturity, sensibility and intelligence to be employed by the CITY and NYPD; in that the CITY and NYPD knew of the lack of ability, experience and maturity of THE DEFENDANT POLICE OFFICERS when they hired them; in that the City and NYPD, their agents, servants and/or employees, failed to suspend and/or terminate THE DEFENDANT POLICE OFFICER(S) when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

122.    The failure of the CITY and NYPD to adequately train their agents, servants and employees, including but not limited to THE DEFENDANT POLICE OFFICERS in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the Charter, rules and regulations of the City of New York, is evidence of the reckless lack of cautious regard for the rights of those persons in their custody and control, including the plaintiff herein, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

123.    The CITY and NYPD knew or should have known in the exercise of reasonable care, the propensities of their agents, servants and employees, including but not limited to THE DEFENDANT POLICE OFFICERS, to engage in the wrongful conduct heretofore alleged herein.

124.    The CITY and NYPD knew or should have known that their policies, customs and practices, as well as their negligent hiring, retention, supervision, training, appointment and promotion of their agents, servants and employees, including but not limited to THE DEFENDANT POLICE OFFICERS, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct and neglect would not be swiftly and effectively investigated and prosecuted.

125.    That the mistreatment and abuse of the plaintiff, as set forth above, was the reasonably foreseeable consequence of the CITY and NYPD's negligent conduct.

126.    The aforesaid acts of the CITY and NYPD, their agents, servants and employees, resulted in the plaintiff being harassed, assaulted, battered, racially profiled, intimidated, threatened, stopped, and searched, without legal cause or justification.

127.    This aforesaid acts of the CITY and NYPD, their agents, servants and employees, resulted in the violation of Plaintiff's rights secured by the Constitution and statutes of the State of New York, the New York State Human Rights Law, the New York Civil Rights Law, the New York City Charter, and the rules and regulations of the City of New York.

128.    The aforesaid acts of the CITY and NYPD resulted in the plaintiff being caused to experience severe physical, psychological and emotional injuries, pain and suffering, loss of liberty, and in other respects was damaged.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

129.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1"

through "128", inclusive, of this Complaint, as if same were fully set forth herein at length.

130.    The aforesaid acts of the defendants, acting individually and/or in conjunction with

the other defendants, were intentional, malicious, excessive, and served no reasonable or legitimate

security, policing or penological interest.

131.    The defendants' intentional, reckless and/or negligent infliction of emotional and

mental distress constituted misconduct of an egregious nature that exceeds all bounds usually

tolerated by society.

132.    As a result of the foregoing, plaintiff suffered severe physical, psychological and

emotional injuries, pain and suffering, loss of liberty, and in other respects was damaged.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## NEGLIGENCE

133.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1"

through "132", inclusive, of this Complaint, as if same were fully set forth herein at length.

134.    As set forth above, the defendants were negligent and the proximate cause of the

injuries and damages suffered by the plaintiff.

135.    As a result of the foregoing, plaintiff suffered severe physical, psychological and

emotional injuries, pain and suffering, loss of liberty, and in other respects was damaged.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## RESPONDEAT SUPERIOR

136.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1"

through "135", inclusive, of this Complaint, as if same were fully set forth herein at length.

137.    Inasmuch as the aforesaid agents, servants and employees of the CITY and NYPD, including but not limited to THE DEFENDANT POLICE OFFICERS, were acting for, upon, and in furtherance of the business of their employer(s) and within the scope of their employment, the CITY and/or NYPD are liable under the doctrine of *respondeat superior* for the tortious actions of their agents, servants and employees.

## SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## FAILURE TO PROTECT

138.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "137" inclusive, of this Complaint, as if same were fully set forth herein at length.

139.    The CITY and NYPD, their agents, servants and employees, including but not limited to THE DEFENDANT POLICE OFFICERS, owed a duty of care to protect Plaintiff while he was in police custody and control.

140.    As set forth above, the CITY and NYPD, their agents, servants and employees, including but not limited to THE DEFENDANT POLICE OFFICERS, failed to intervene and protect the plaintiff at any time during the happening of the aforesaid incidents or thereafter.

141.    The CITY and NYPD, their agents, servants and employees, failed to report the abusive conduct of THE DEFENDANT POLICE OFFICERS to supervisors.

142.    The CITY and NYPD, their agents, servants and employees, failed to investigate, sanction and/or discipline any of THE DEFENDANT POLICE OFFICERS for their aforesaid unlawful conduct.

143.    The aforesaid failures to protect Plaintiff resulted in the violation of Plaintiff's rights secured by the Constitution and statutes of the State of New York, the New York State Human

Rights Law, the New York Civil Rights Law, the New York City Charter, and the rules and regulations of the City of New York.

144.    That due to the defendants' repeated failures to protect the plaintiff, Plaintiff suffered severe physical, psychological and emotional injuries, pain and suffering, loss of liberty, and in other respects was damaged.

## SEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## PRIMA FACIE TORT

145.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "144" inclusive, of this Complaint, as if same were fully set forth herein at length.

146.    The aforesaid conduct of the CITY and NYPD, their agents, servants and employees, including but not limited to THE DEFENDANT POLICE OFFICERS, as well as their delay and failures to act, caused harm to be inflicted upon the plaintiff out of disinterested malevolence and were the proximate cause of the injuries and damages suffered by the plaintiff.

147.    This aforesaid conduct of the CITY and NYPD, their agents, servants and employees, resulted in the violation of Plaintiff's rights secured by the Constitution and statutes of the State of New York, the New York State Human Rights Law, the New York Civil Rights Law, the New York City Charter, and the rules and regulations of the City of New York.

148.    As a result of the foregoing, plaintiff suffered severe physical, psychological and emotional injuries, pain and suffering, pecuniary loss, loss of liberty, and in other respects was damaged.

## JURY DEMAND

149.    Plaintiff hereby demands a trial by jury of all issues in this matter.

## RELIEF

**WHEREFORE**, the plaintiff requests the following relief jointly and severally as against all of the defendants:

1. An award of compensatory damages in an amount to be determined at trial;

2. An award of punitive damages in an amount to be determined at trial;

3. An award of attorney's fees, costs and disbursements; and

4. Such other and further relief as this Court deems just and proper.

Dated: Wetbury, New York
      December 20, 2012

Respectfully submitted,

**LEVIN & CHETKOF, LLP**

By: _____
     Howard A. Chetkof, Esq. (HC6678)
*Attorneys for Plaintiff*
Office and P.O. Address
265 Post Avenue - Suite 290
Westbury, New York 11590
(5168) 338-2888
File No.: 36923

# ATTORNEY'S VERIFICATION

**HOWARD A. CHETKOF**, an attorney at law duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury as follows:

I am the attorney for the plaintiff in the within action. I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof which are true to my own knowledge, except as the matters therein stated to be alleged on information and belief, and as to these matters, I believe it to be true.

The reason this verification is made by me and not by plaintiff is that the plaintiff resides in a county other than the one in which I maintain my office.

The source of my information and the grounds of my belief are communications with my client and others, papers, reports, and investigation contained in the file.

Dated: Westbury, New York
      December 20, 2012

                                                          _____
                                                          HOWARD A. CHETKOF